Michael R. Marrinan, Esq. (SBN 90484)
LAW OFFICES OF MICHAEL R. MARRINAN
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone:  (619) 238-6900
Facsimile:   (619) 238-1097
Email: mrmarrinan@aol.com

Nicole Heffel, Esq. (SBN 295028)
HEFFEL LAW FIRM
8880 Rio San Diego Drive, Suite 800
San Diego, CA 92108
Telephone:  (619) 550-3080
Facsimile:   (619) 550-3081
Email: nicole.heffel@heffellawfirm.com

Attorneys for Plaintiff Randy Miller

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MILLER, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF SEBASTOPOL, ANDREW BAUER, NICOLAS BELLIVEAU, MARIA PENNACCHIO and DOES 1-20, | 1. 42 U.S.C. § 1983–Civil Rights Violations<br>2. 42 U.S.C. §1983–Unlawful Customs, Policies, Habits<br>3. Negligence<br>4. Battery |
| Defendants. | 5. Cal. Civil Code § 52.1 Civil Rights Violations |

Plaintiff alleges:

## **JURISDICTION**

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the First and Fourth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendant City of Sebastopol and its police officers, Andrew Bauer, Nicolas Belliveau and Maria Pennacchio.  Jurisdiction therefore arises under 28 U.S.C. sections 1331 and 1343.  State claims of negligence, battery and California Civil

Code section 52.1 civil rights violations are alleged as well.  Plaintiff invokes the Court's supplemental jurisdiction to consider these state law claims.

## GENERAL ALLEGATIONS

2.  Plaintiff is and was at all material times mentioned herein present in the City of Sebastopol, State of California.

3.  At all times mentioned herein defendants Andrew Bauer, Nicolas Belliveau and Maria Pennacchio were police officers and employees of defendant City of Sebastopol and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  The individual defendants named above  are sued individually and in their capacities as employees of the City of Sebastopol.

4.  Defendant City of Sebastopol is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5.  The true names or capacities whether individual, corporate, associate or otherwise, of defendants named as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names.  Plaintiff will amend this complaint to show these defendants' true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that all defendants sued as DOES are in some manner responsible for the acts and injuries alleged herein.

6.  Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and

each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

7. On June 5, 2014, Plaintiff filed a claim with the City of Sebastopol for the injuries alleged herein. On or about July 2, 2014, the claim was denied.

### FACTUAL ALLEGATIONS

8. Plaintiff Randall Miller is a 58 year old, law abiding citizen and resident in the city of Sebastopol. He has no criminal record whatsoever.

9. On January 14, 2014 at approximately 7:30 p.m., Mr. Miller was in his home, with his wife, in the city of Sebastopol. Defendant Bauer knocked on Plaintiff's door. Defendant Belliveau had his K-9, Frank, with him and was standing approximately 30 feet from the front door. Defendant Pennacchio was standing at the rear entrance of the home.

10. The Plaintiff, Mr. Miller, answered the door holding his cell phone. Without telling Mr. Miller why the officers were there, Defendant Bauer immediately asked Mr. Miller if he was Randy. After Mr. Miller confirmed his identity, Officer Bauer asked Mr. Miller to come outside. Mr. Miller asked Defendant Bauer "why" and Officer Bauer's only response was "come on, you know why." Mr. Miller declined the Officer's request and turned away from Defendant Bauer.

11. Defendant Bauer became angry that Mr. Miller did not come outside as he requested. Defendants Bauer and Belliveau started to make demands that Mr. Miller come out of his home.

12. Defendant Bauer then crossed the threshold of the doorway and entered Plaintiff's home. Again, Officer Bauer requested that Mr. Miller go outside. Mr. Miller turned towards Officer Bauer and told him he was not welcome in his home. Defendant Belliveau, and his K-9 Frank, then followed Defendant Bauer into Plaintiff's home.

14. Without saying anything to Mr. Miller, Defendant Bauer became

aggressive and grabbed Mr. Miller's right arm, twisting it behind his back. Officer Bauer pulled Mr. Miller down on top of him. When Mr. Miller tried to stand back up, Defendant Bauer continued to pull Mr. Miller back down. Defendant Belliveau was making threats that Mr. Miller was going to get bit, as his K-9 was violently barking in Mr. Miller's face.

15. Defendant Bauer then slammed Mr. Miller's face in to the side arm of a nearby recliner. The force of the impact was so strong that it broke Mr. Miller's glasses and cut open Mr. Miller's nose. Mr. Miller was bleeding all over the carpet. Mr. Miller fell between a small opening between the couch and the recliner. Defendants Belliveau and Bauer demanded that Mr. Miller "get on the ground." Defendant Bauer was standing directly behind Mr. Miller and Defendant Belliveau had his K-9 directly in front of Mr. Miller, leaving him no place to reasonably descend to the ground.

16. Defendant Pennacchio then entered Plaintiff's home and joined in the assault on Mr. Miller. Defendant Pennacchio placed her left hand on the back of Mr. Miller's neck and forcefully pushed Mr. Miller down. She then got on top of Mr. Miller and jammed her knee in to his back, causing pain and injury to his back.

17. At no time was Mr. Miller told why the officers were at his home or that he was under arrest. There was no cause or justification for this attack on Mr. Miller, nor the force and violence that was inflicted on him. Mr. Miller did nothing violent or threatening. The force used by the Defendants was wholly unnecessary, unjustified and excessive.

18. Based on false and/or inaccurate reports by defendants, Mr. Miller was charged in criminal court with Penal Code § 148. He had to get a lawyer and defend the false criminal charges for several months. Mr. Miller was found not guilty after a two week jury trial.

19. As a result of the false arrest and excessive force used against him,

Plaintiff Randall Miller suffered pain and injury to his back, neck, head, face, nose, shoulder, and wrists.  He suffered severe emotional distress and damage from the incident itself and as a result of the false criminal prosecution.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations Against

Defendants Bauer, Belliveau and Pennacchio]

20.  Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 19 above as though fully set forth herein.

21.  As a result of the acts alleged above, particularly the unlawful arrest inside his home as described above, Plaintiff was unlawfully arrested and thus unlawfully seized by Defendants.  Thus, Plaintiff suffered an unlawful seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, *et seq*. in an amount to be proven at trial.

22.  As a further result of the acts alleged above, Defendants used unreasonable, unjustified and excessive force upon Plaintiff.  This unreasonable and excessive use of force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

23.  As a further result of the acts alleged above and the act of unlawfully entering  Plaintiff's home without a search warrant or other justification, Plaintiff suffered an unlawful search and seizure of his person and home, in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

24.  Defendants are liable for all of the constitutional violations alleged

herein both directly and as a result of their failure to intervene and prevent or stop the constitutional violations committed by the other Defendants.  Defendant Belliveau is also liable in his capacity as the supervisor/ training officer of Defendants Bauer and Pennacchio.

25.  As a proximate result of the acts alleged above,  Plaintiff was injured in mind and body, and sustained the injuries and damages alleged in paragraphs 15-19 above.  Plaintiff suffered physical injuries, including injury to his nose, back, neck, shoulder and wrists, as well as  severe emotional distress as a result of this incident, including that resulting from being attacked and arrested in his own home, the use of excessive force against him, the injuries inflicted, and having to defend a false criminal case.  Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

26.  In committing the acts alleged above, Defendants Bauer, Belliveau and Pennacchio acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and safety of Plaintiff, and by reason thereof Plaintiff is entitled to  punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations – Unlawful Policies, Customs or Habits Against Defendant City of Sebastopol]

27.  Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above as though fully set forth herein.

28.  On information and belief Plaintiff alleges that Defendant City of Sebastopol, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including the individual defendants named herein, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action.  As a result, Plaintiff is entitled to damages

pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

29. Further, on information and belief, Plaintiff alleges that Defendant City of Sebastopol, through its police department, has an unlawful policy, custom or habit of permitting or condoning the acts of false arrest, excessive force and unlawful search and seizure by its police officers, including the individual defendants named herein. Defendant City has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including these defendants.

30. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the injuries alleged in paragraphs 15-19 and 24 above, and thus is entitled to general and compensatory damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

[Negligence Against All Defendants]

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. By the acts alleged above, Defendants were negligent and breached their duty of due care owed to Plaintiff, thereby causing the injuries and emotional distress described in the First Cause of Action, and the damages described in paragraphs 15-19 and 24 above.

## FOURTH CAUSE OF ACTION

[Battery - Against All Defendants]

33. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. By the acts alleged herein, particularly the acts of excessive force and violence used upon Plaintiff by Defendants Bauer, Belliveau and Pennacchio, defendants committed batteries upon Plaintiff, entitling Plaintiff to damages pursuant to California law.

35. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 15-19 and 24 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

36. In committing the acts alleged above, Defendants Bauer, Belliveau and Pennacchio acted maliciously and oppressively and by reason thereof Plaintiff demands punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violations - Against All Defendants]

37. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. The acts alleged above, particularly the acts of false arrest, unlawful seizure, excessive force, unlawful search and seizure, negligence and battery, constitute state and federal constitutional violations and violations of California laws. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code § 52.1(b).

39. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 15-19 and 24 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

40. In committing the acts alleged above, Defendants Bauer, Belliveau and Pennacchio acted maliciously and oppressively and by reason thereof Plaintiff demands punitive damages in an amount to be proven at trial.

///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and compensatory damages against Defendants and each of them in an amount to be proven at trial;

2. For punitive damages against all Defendants except Defendant City of Sebastopol, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: November 19, 2014

**/s/ Michael R. Marrinan**
Attorney for Plaintiff
E-mail: mrmarrinan@aol.com

**/s/ Nicole Heffel**
Attorney for Plaintiff
E-mail: nicole.heffel@heffellaw.com

Plaintiff hereby demands a jury trial in this action.

Dated: November 19, 2014

**/s/ Michael R. Marrinan**
Attorney for Plaintiff
E-mail: mrmarrinan@aol.com

**/s/ Nicole Heffel**
Attorney for Plaintiff
E-mail: nicole.heffel@heffellaw.com